## John Kilduff vs. John F. Willey.

K purchased before their maturity two notes executed by defendant. In an action brought by K, on the notes, and after verdict and an order of Court for a new trial, defendant for the purpose of denying the execution of the notes, asked leave to file an affidavit setting forth that the words, "at ten per cent. interest," in each of the notes were forged. *Held*, that the application would be granted only upon condition that the defendant should stipulate that the defence so set up should go no further than to defeat the claim for interest occurring between the date and maturity of the notes, unless it should be found that K when he purchased, had notice of the alleged forgeries.

*Bay Circuit, July,* 1871.

*John McNamara,* Plaintiff's Attorney.

*Maxwell & Hyde,* Defendant's Attorneys.

Motion for leave to file an affidavit denying execution of promissory notes.

*By the Court,* GRIER, J.—This action was brought by declaration upon two notes executed by the defendant to McKinney & Co., and endorsed by them before maturity to plaintiff. Defendant did not plead in time, and on September 24, 1870, judgment by default for the amount of the notes passed against him. Upon a showing that the default was inadvertently suffered the same was set aside on the 15th of December, 1870. Thereupon the defendant without filing any affidavit denying the execution of the notes, pleaded the general issue, and upon a defence not involving the execution of the notes, a verdict was found for defendant. This verdict was afterwards vacated and a new trial ordered. The defendant now files an affidavit alleging that the words, "*at ten per cent. interest,*" were not in the notes at the time he executed them, and that those words have been forged, and that he first discovered the fact on the trial of the cause, but alleges no excuse for not making this motion upon the trial. Upon this affidavit an application is made for an order allowing defendant to file an affidavit under rule 79, denying the execution of the notes.

The plaintiff claims to have been a *bona fide* purchaser of the notes before maturity. If the defence now sought should

prevail it would bar a recovery of both principal and interest, even should it be shown that plaintiff was a *bona fide* holder before maturity of the notes. The defendant by his own showing intended to execute his notes for the principal. The only wrong that the added words could do him would be to compel him to pay interest, although its effect in law would be to entirely invalidate the notes themselves. Such an effect would be just as against the guilty party who committed the forgeries, especially as he might still recover in another action the consideration for which the notes were given. But the purchase of the notes by plaintiff did not transfer to him this right. That remains in McKinney & Co. True, it defeated in this action upon the defence contemplated, the plaintiff may have an action over against McKinney & Co. But it was proven on the trial that McKinney & Co have taken the benefit of the bankrupt act, and are insolvent. Such a remedy in favor of plaintiff would therefore be purely nominal.

Had this defence been interposed in time it would not have been within the power of the Court to have regulated its effect so as to have prevented the injustice named. But this application is now addressed to the discretion of the Court, which should never be exercised so as to work injustice The order should be guarded so as to protect the defendant against any injury that the alleged forgeries could do him, and at the same time do no wrong to the plaintiff. Let therefore an order be entered that the defendant have leave to file his affidavit denying the execution of the notes, upon condition that defendant at the same time shall file with the Clerk a stipulation that the defence growing out of the alleged forgeries shall have no other or greater effect than to defeat the plaintiff in any claim for interest accruing between the dates and maturity of said notes respectively, unless it shall also be found by the jury that the plaintiff at the time the notes were negotiated to him had notice of said forgeries.